IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARION J. TUCKER and STEPHANIE TUCKER, | ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 03399 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| CHARLES SCHWAB BANK, f/k/a Charles Schwab Bank, N.A, | ) ) ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth in the Statement below, the Court denies the motion to dismiss. A status hearing is set for May 29, 2014, at 9:00 a.m.

## STATEMENT

In their Second Amended complaint, mortgagors Marion and Stephanie Tucker continue to assert that defendant Charles Schwab lacks an enforceable interest in their mortgage and that, therefore, its efforts to collect payments, its filing of a *lis pendens*, and its action to foreclose on the property securing the mortgage are unlawful. The complaint alleges that Schwab violated the Fair Debt Collection Practices Act ("FDCPA") by "posing deceptively" as the owner of the note. The Tuckers also brings a claim to quiet title,[1] seeking a declaratory judgment "to clarify the interest, if any, that Defendant has . . . in the Note, the Mortgage, and/or the Subject Property." Schwab, the only remaining defendant, moves to dismiss the complaint.

"Dismissal for failure to state a claim under Rule 12(b)(6) is proper 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 558 (2009)). The complaint must contain allegations that state a claim to relief that is plausible on its face. *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Virnich*, 664 F.3d at 212 (quoting *Iqbal*, 556 U.S. at 663). In reviewing a plaintiff's claim, the court must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences

---

[1] "An action to quiet title in property is an equitable proceeding in which a party seeks to remove a cloud on his title to the property…. To constitute a cloud, there must be a semblance of title that is, in fact, unfounded and casts a doubt upon the validity of the record title." *Stahelin v. Forest Preserve Dist.*, 877 N.E. 2d 1121, 1135 (Ill. App. Ct. 2007).

in the plaintiff's favor, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. *Id.*

In deciding a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *see* Fed. R. Civ. P. 10(c) ("[A] written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). Here the complaint incorporates and attaches a number of documents, Exhibits A through H, and those materials are therefore before the Court in considering Schwab's motion.

Schwab first argues that Count I must be dismissed on the grounds that, as a matter of law, it is not a "debt collector" within the meaning of the FDCPA. It is indisputable that a creditor that collects its own debt using its own name is not a "debt collector," and this includes a mortgagee attempting to enforce a mortgage debt. 15 U.S.C. § 1692a(4), (6); *see also Nwoke v. Countrywide Home Loans, Inc*., 251 Fed. App. 363, 365 (7th Cir. 2007) (holding that mortgagee was creditor, not "debt collector"). This legal conclusion, however, depends upon disregarding the facts alleged in the complaint, namely, that Schwab does not own or hold the mortgage and note and has no right to enforce it. According to the complaint, Schwab never acquired the right to enforce the mortgage and note from the prior owner of the mortgage, a mortgage-backed securities trust. Despite Schwab's argument to the contrary, the plaintiffs are not merely asserting a bald legal conclusion that Schwab is a "debt collector"—a conclusion that this Court need not credit. Rather, the plaintiffs assert facts undermining *Schwab*'s unsupported conclusion that it is a "creditor" under the statute.[2]

This kind of factual dispute would ordinarily require denial of a motion to dismiss, as such motions cannot be decided on the basis of contradicting the facts set forth in the complaint. *See, e.g., Senne v. Village of Palatine*, 695 F.3d 597, 608 (7th Cir. 2012); *Marshall-Mosby v. Corporate Receivables, Inc*., 205 F.3d 323, 326-27 (7th Cir. 2000). However, the documents attached to the complaint might tell a story that is different from plaintiff's allegations. Among these are an assignment[3] (Exhibit "E") and an endorsement allonge to the mortgage note[4] ("Exhibit F") which purport to show that Schwab is the holder of the note and therefore entitled to enforce it.

---

[2] For example, despite the substantial extrinsic material attached to the complaint, Schwab does not rely on (*i.e.,* cite to) any of these documents with respect to its arguments that it is a "creditor" and that it is a legal "holder" of the note. *See* Mem., Dkt. # 63 at 4-7.

[3] The Assignment is dated February 18, 2005 (the same date on which the mortgage was recorded) and was recorded on July 26, 2012—after the state-court foreclosure action had been filed by Schwab and after the plaintiffs filed this lawsuit.

[4] The allonge purports to endorse a note to Schwab "without recourse." Although the heading of the allonge states that it is "To be made a part of the Mortgage Note referenced hereon," nowhere on the allonge is there a "reference" a specific mortgage note to which the allonge releates. It does refer to Mortgagor Marion Tucker but it is undated and does not identify the note or state the loan number or amount.

"When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (further explaining that "[w]hen an exhibit contradicts the allegations in the complaint, ruling against the non-moving party on a motion to dismiss is consistent with our obligation to review all facts in the light most favorable to the non-moving party."). The documents that plaintiff has submitted appear to contradict their claim that the note was not assigned to Schwab.

The plaintiffs, however, attempt to "contradict the apparent meaning or significance" of these documents, which can preclude dismissal. *See Bogie*, 705 F.3d at 609; *see also Williamson*, 714 F.3d at 436 (court would rely on documents referred to in complaint "in the absence of any indication from [plaintiff]—be it in the complaint or the briefing—that the documents are not genuine or that they have been falsified in some way"). In the complaint, they allege: "The purported 'Assignment' is a forged document and is void *ab initio*. The purported 'Assignment' is a back-dated, pre-notarized contract document, and was dubiously prepared for litigation." Compl., Dkt. # 54 ¶ 20; see id. ¶¶ 21-25 (alleging facts supporting claim that assignment was not prepared in 2005). The plaintiffs further alleges that the allonge is invalid because it is not attached to the note, and that it is "another inauthentic document created in anticipation, or response to, litigation," which "should be considered a forgery, and void *ab initio* as well." In response to the motion to dismiss, the plaintiffs argue the defendants are attempting to obtain dismissal by contradicting the complaint, and that "the Defendant lacks the essentials for its claim (a Note in its name or endorsed to it) and is probably manufacturing substitute documents during litigation to take their place."

The plaintiffs have sufficiently challenged the authenticity of the documents—documents which, it bears repeating (*see* Note 2, *supra*), Schwab has not specifically relied upon to support its arguments that it is a "creditor" for FDCPA purposes and a "holder" for purposes of Illinois law. Generally, a bald claim that facially proper documents are forged or falsified would not be sufficient. But here, the documents themselves and the circumstances under which they have appeared in this case lend plausibility to the plaintiffs' claim. The key documents that purport to definitively establish Schwab's status as a holder have trickled out slowly (or have yet to appear) in the course of this case, in response to plaintiffs pointing out apparent deficiencies in Schwab's chain of evidence. Despite their significance to showing Schwab's right to enforce the mortgage and note, these documents were not submitted in support of the original foreclosure complaint—a fact that clearly precipitated this lawsuit and the plaintiffs' belief that they are in jeopardy of paying the wrong entity, without recourse. Schwab has made no effort to authenticate the documents, which are not self-explanatory, or to explain the circumstances through which they were generated and produced. For example, as noted by the plaintiffs and the court, the allonge contains very little information—it lacks a date, loan number, and loan amount—and stands apart from the note. And while Schwab repeatedly insists that it is the holder of the note, that too is a question of fact as to which there is no basis to find in Schwab's favor at present: it did not attach a copy of the note to its state court complaint and it has not yet surfaced in this case.

In light of these issues, some explanation and authentication is needed if these documents are to support dismissal. As it stands, in the face of the plaintiff's allegations and the opacity of

the evidence, the Court will not take Schwab's word for it that it is the holder of the note or that the documents it was not able to produce in support of its initial foreclosure complaint are proper and authentic. And without them, Schwab has no support for the conclusory statements it makes in favor of dismissal, namely that it is a creditor and a holder, contrary to the allegations in the complaint. Rather than filing its motion to dismiss the second amended complaint, the defendant would have been better served denying the allegations in the complaint and moving for summary judgment on the basis of an authenticated set of documents proving its right to enforce the mortgage.

Schwab's arguments for dismissing Count II, the declaratory judgment action, are also premised on its status to enforce the mortgage and note. Schwab contends that it is entitled to dismissal because "[a]s holder of the note, Charles Schwab is entitled to enforce it under clear UCC law." Mem., Dkt. # 63 at 7. Again, the argument relies on the as-yet-unproved assertion that Schwab is the legal "holder" of the note. On a motion to dismiss, the Court will not resolve that disputed issue of fact on the basis of documents whose authenticity has been challenged.

The motion to dismiss is therefore denied.

Date: <u>May 19, 2014</u>  Enter: <u>/s/ John J. Tharp</u>
                                                                             Hon. John J. Tharp, Jr.
                                                                             United States District Court